JUSTICE HUNT
delivered the Opinion of the Court.
Appellant Leonard Vainio, acting as personal representative of Helen Marie Vainio’s estate, appeals the decision of the Second Judicial District Court, Silver Bow County, affirming the order of the Montana Human Rights Commission (HRC) finding that Helen Vainio’s employee/supervisor committed sexual harassment against respondent Candi Brookshire, and the HRC’s damage award of $20,000 to Brookshire for emotional distress.
We affirm.
Appellant presented 11 issues for this Court’s consideration. We rephrase and consolidate the issues as follows:
1. Does § 49-2-506(l)(b), MCA, of the Montana Human Rights Act violate the Montana Constitution because the Act’s procedural provisions do not allow for a jury trial?
2. Does § 49-2-506(l)(b), MCA, constitute an unlawful delegation of judicial and legislative powers?
3. Did the District Court err in finding that Helen Vainio was properly notified of the complaint?
4. Did the District Court err in finding Helen Vainio liable on the basis of respondeat superior?
*276 5. Did the District Court err in upholding the HRC’s ruling striking part of appellant’s witnesses and exhibits?
6. Did the District Court err in holding that the Workers’ Compensation Act does not provide a remedy for sexual harassment?
7. Did the District Court err in affirming the HRC’s award of $20,000 in emotional distress damages?
8. Did the District Court err in affirming the HRC’s decision not to allow the HRC’s investigative report into evidence?
On September 2,1988, Brookshire filed a complaint with the HRC against Harvey Phillips and the Silver Slipper, a lounge and casino located in Butte. On September 19, 1988, Brookshire amended her complaint, alleging that she was sexually harassed by Phillips during her employment at the Silver Slipper prior to being fired on June 2, 1988. During the time of the sexual harassment, the Silver Slipper Bar was owned by Helen Vainio, who is now deceased. The Silver Slipper has since been sold to Silver Slipper, Inc.
On September 5, 1989, the matter was certified for hearing and Phillips, Brookshire, and Silver Slipper, Inc., were all properly served with notice. On April 12, 1990, a contested case hearing was held in Butte. In her findings of fact, and conclusions of law, and order, the hearing examiner concluded that Phillips unlawfully sexually harassed Brookshire and that Helena Vainio, as owner of the Silver Slipper, was liable for the harassment. Silver Slipper, Inc., was found not liable. Appellant filed exceptions with the HRC to the hearing examiner’s findings. On March 29, 1991, the HRC issued its order affirming the hearing examiner’s order. Appellant appealed the HRC’s opinion and order to the District Court. A hearing was held on December 30, 1991, and on May 12, 1992, the District Court issued its order affirming the HRC. Appellant appeals from the District Court order.
Appellant did not file a transcript of the contested case hearing for this Court to review, but did provide this Court with a transcript of the District Court’s hearing.
I.
Does § 49-2-506(l)(b), MCA, of the Montana Human Rights Act violate the Montana Constitution because the Act’s procedural provisions do not allow for a jury trial?
Appellant contends § 49-2-506(l)(b), MCA, unconstitutionally denied Helena Vainio’s right to a jury trial. A legislature’s enactment *277 is presumed constitutional. Ingraham v. Champion International (1990), 243 Mont. 42, 47, 793 P.2d 769, 772. A party challenging the constitutionality of a statute has the burden of proving it unconstitutional beyond a reasonable doubt. Romero v. J & J Tire (1989), 238 Mont. 146, 149, 777 P.2d 292, 294.
We have held that the Montana Human Rights Act does not unconstitutionally deny persons the right to a trial by jury. Romero, 111 P.2d at 296. Prior to enactment of the Civil Rights Act of 1991, which creates a statutory right to a trial by jury under Title VII where there is a claim for compensatory or punitive damages, there was no right to trial by jury under Title VII. Slack v. Havens (9th Cir. 1975), 522 F.2d 1091, 1094. In Romero, we stated that legislative bodies may assign adjudication of statutory rights to administrative agencies in which a jury trial would be incompatible without violating the Seventh Amendment. Romero, 111 P.2d at 296. Through its enforcement of the Human Rights Act, the HRC protects the State’s interest in eliminating discrimination. Appellant failed to prove beyond a reasonable doubt that the administrative contested case procedures under the Human Rights Act unconstitutionally denied Helen Vainio’s right to a jury trial. We hold that Helen Vainio was not unconstitutionally denied a jury trial.
II.
Does § 49-2-506(l)(b), MCA, constitute an unlawful delegation of judicial and legislative powers?
Appellant asserts that § 49-2-506(l)(b), MCA, which allows the HRC to award damages in discrimination cases, constitutes an unconstitutional delegation of authority by the legislature. Appellant asserts that the HRC has “unbridled authority” to award damages. Section 49-2-506(l)(b), MCA, grants the HRC the discretion to award “reasonable” damages. Parties to contested cases before the HRC have the right to judicial review of all final HRC orders pursuant to § 2-4-702, MCA. The HRC damage awards must be reasonable and they are reviewable in district court under an abuse of discretion standard. The HRC does not have unbridled authority to award damages. We hold that § 49-2-506(l)(b), MCA, does not constitute an unlawful delegation of judicial and legislative powers.
*278 III.
Did the District Court err in finding that Helen Vainio was a party to the action?
Appellant asserts that Brookshire failed to name Helen Vainio in her complaint to the HRC as required by § 49-2-501(1), MCA, and 24.9.209(2), ARM. Section 49-2-501(1), MCA, states the following requirements for bringing an action against a party:
A complaint may be filed by or on behalf of any person claiming to be aggrieved by any discriminatory practice prohibited by this chapter. The complaint must be in the form of a written, verified complaint stating the name and address of the person ... alleged to have engaged in the discriminatory practice and the particulars of the alleged discriminatory practice.
The complaint listed Phillips and the Silver Slipper as respondents and stated the proper address and telephone number of the Silver Slipper. The complaint alleged unlawful discriminatory practices occurring throughout Brookshire’s employment at the Silver Slipper. There is no requirement that a complaint filed under this statute name the individual owner of a business.
Appellant also contends that Helen Vainio was not promptly served with Brookshire’s harassment complaint. Section 49-2-504, MCA, requires the HRC to informally investigate discrimination complaints filed with the Commission. Helen Vainio was aware of Brookshire’s complaint three months after Brookshire was fired. Appellant has not provided this Court with additional evidence to show otherwise. Helen Vainio was properly served in this instance. We hold that the District Court did not err in finding that Helen Vainio was properly notified of Brookshire’s complaint and was a party to this action.
IV.
Did the District Court err in finding Helen Vainio liable on the basis of respondeat superior?
Section 49-2-303(l)(a), MCA, provides that it is unlawful for an employer to discriminate based on sex. Unlike the comparable federal law, Title VII of the Civil Rights Act of 1964, the Montana Human Rights Act does not include an agent of the employer in the definition of “employment.” Section 49-2-101(8), MCA; 42 U.S.C. § 2000e(b) (1964). In employment discrimination proceedings before the HRC, *279 only the employer is potentially liable for discriminatory acts of its agents. The Equal Employment Opportunity Commission has exclusive jurisdiction under Title VII over any claim against a manager. Under the theory of respondeat superior, employers are liable for the intentional sexual harassment in which supervisory personnel engage in the course of their employment. E.E.O.C. v. Hacienda Hotel (9th Cir. 1989), 881 F.2d 1504, 1515. As a result of respondeat superior liability, a sexual harassment complaint need not specify acts committed personally by the employer. All that is needed to make Helen Vainio subject to the administrative proceeding is for Brookshire to allege that Phillips, an agent of Helen Vainio, committed unlawful sexual discrimination. We hold that the District Court did not err in concluding that Helen Vainio was liable on the basis of respondeat superior.
V.
Did the District Court err in upholding the HRC’s ruling striking part of appellant’s witnesses and exhibits?
Administrative Rule 24.9.317(4), permits the hearing examiner or HRC to limit the prosecution or defense of a contested case if a party fails to comply or engage in discovery. This Court has held that the imposition of sanctions for failure to comply with discovery is regarded with favor. Huffine v. Boylan (1989), 239 Mont. 515, 517, 782 P.2d 77, 78. An appropriate sanction is the limitation of proof to matters disclosed through discovery. Vehrs v. Piquette (1984), 210 Mont. 386, 393, 684 P.2d 476, 480. Any last minute tender of relevant documents will not cure the discovery problem. Dassori v. Roy Stanley Chevrolet Co. (1986), 224 Mont. 178, 728 P.2d 430. We will not overturn a trier of fact decision as to the determination of an appropriate sanction absent an abuse of discretion. Dassori, 728 P.2d at 432.
According to the minute entry of the hearing examiner, during a prehearing conference on March 21 and 22, 1990, the attorneys in this case were ordered to exchange their list of witnesses, contentions, and copies of exhibits, and revise a final prehearing order. Previous to this prehearing conference, appellant’s counsel failed to participate in the preparation of the prehearing memorandum or file any separate addendum for the March 21, 1990, conference. The conference was continued to the following day to give appellant’s counsel the opportunity to prepare his additions and discuss them with Brook-shire’s counsel. Brookshire’s counsel did not receive appellant’s wit *280 ness or exhibit lists until April 9, 1990, and did not receive copies of appellant’s proposed exhibits until April 11,1990. Appellant’s counsel hand-delivered his documents to the HRC offices on Monday, April 9, 1990, at 5:05 p.m. Based on appellant’s failure to disclose the proper documents and witnesses, the hearing examiner struck the items from the final prehearing order. We hold that the District Court did not err in upholding the HRC’s ruling striking part of appellant’s defense.
VI.
Did the District Court err in holding that the Workers’ Compensation Act does not provide a remedy for sexual harassment?
Appellant argues that Brookshire’s exclusive remedy for damages for emotional pain and suffering is under the Workers’ Compensation Act, and not under the Montana Human Rights Act. The Workers’ Compensation Act provides the exclusive remedy for physical injuries on the job. Section 39-71-119, MCA, defines injuries covered by the Act. The statute provides that personal injuries covered by the Act include “internal or external physical harm to the body ... caused by an accident.” Section 39-71-119(l)(a) and (2), MCA. Brookshire’s complaint did not allege internal or external physical injuries to her body. Sexual harassment is an intentional act not arising from an accident. We hold that the Workers’ Compensation Act is not an exclusive remedy for Brookshire’s claim.
VIL
Did the District Court err in affirming the HRC’s award of $20,000 in emotional distress damages?
Section 49-2-506(l)(b), MCA, delineates the forms of relief which the HRC may order if it finds that a person has engaged in unlawful discriminatory practices. The order issued by the HRC may:
[R]equire any reasonable measure to correct the discriminatory practice and to rectify any harm, pecuniary or otherwise, to the person discriminated against.... [Emphasis added.]
Section 49-2-506(b)(l), MCA.
Appellant contends that the HRC’s award of $20,000 for emotional distress was clearly erroneous. We do not agree. The District Court found that Phillips’s conduct toward Brookshire included, among other things, brushing his body against her buttocks, putting his hand up her skirt, grabbing her breasts, and requesting Brookshire *281 to have sex with him. The statute provides that the HRC may order any reasonable measure to correct or rectify any harm. This includes emotional distress damages. The HRC’s award of $20,000 in emotional distress damages was not clearly erroneous. We hold that the District Court did not err in upholding the HRC’s award of $20,000 in emotional distress damages.
VIII.
Did the District Court err in affirming the HRC’s decision not to allow the HRC’s investigative report into evidence?
Finally, appellant contends that there was evidence contained in the HRC’s investigative file which would establish that Helen Vainio was not made a party to the action. As we stated previously, Helen Vainio was properly noticed and is a party to this action.
We affirm the decision of the District Court.
CHIEF JUSTICE TURNAGE, JUSTICES GRAY, HARRISON, McDONOUGH and WEBER concur.