DA 13-0830

FILED

October 14 2014

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 275

BILLINGS YELLOW CAB, LLC, a
Montana Limited Liability Company,

      Petitioner and Appellant,

     v.

STATE OF MONTANA, on behalf of the
Department of Public Service Regulation
before the Public Service Commission, an
Administrative and Regulatory Agency of
the State of Montana,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                    In and For the County of Yellowstone, Cause No. DV 12-1123
                    Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Robert L. Stephens, Jr.; Southside Law Center; Billings, Montana

        For Appellee:

            Justin W. Kraske, Laura J. Farkas; Montana Public Service Commission;
            Helena, Montana

                                 Submitted on Briefs:  August 27, 2014
                                       Decided:  October 14, 2014

Filed:

                        _____
                                    Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Billings Yellow Cab, LLC (Yellow Cab) appeals from the order of the Thirteenth Judicial District Court, Yellowstone County, denying its constitutional claims for relief, affirming the Public Service Commission's (PSC) denial of its application for a certificate of public convenience and necessity, and affirming the PSC's decision to exclude its proposed Exhibit 2. We affirm, restating Yellow Cab's issues as follows:

¶2 *1. Did the District Court err by concluding that the PSC's denial of a PCN certificate did not constitute an unconstitutional taking of Yellow Cab's property or violate equal protection?*

¶3 *2. Did the District Court err by affirming the denial of Yellow Cab's application for a certificate of public convenience and necessity?*

¶4 *3. Did the District Court err by affirming the PSC's exclusion of Yellow Cab's Exhibit 2?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶5 In 2011, Legislature enacted Senate Bill 140 (SB 140), codified as § 69-12-328, MCA, which directed the PSC to issue a certificate of public convenience and necessity (PCN certificate) to any carrier who, during the one-year period prior to January 1, 2011, had provided charter passenger service, utilized vehicles designed to carry more than 10 passengers, and had obtained a U.S. Department of Transportation (DOT) number as provided in 49 CFR 390.19. This statutory mechanism effectively "grandfathered" qualifying carriers already operating a charter service, allowing them to continue conducting their business. A carrier not grandfathered under SB 140 was instead required to apply to the PSC and demonstrate that public convenience and necessity

2

required authorization of the proposed service under governing statutes. Sections 69-12-321 et seq., MCA.

¶6 Beginning in 2009, Yellow Cab had provided charter services as an unregulated business from its offices in Billings to locations statewide. To conduct this portion of its business, Yellow Cab purchased several passenger vehicles capable of transporting 10 to 26 passengers. The charter service generated approximately 25% of Yellow Cab's revenue. After SB 140 was enacted, Yellow Cab applied to the PSC for issuance of a PCN certificate as a grandfathered entity. However, because Yellow Cab had not been issued a DOT number during the year prior to January 1, 2011, its application was denied by the PSC as failing to satisfy the requirements of the statute.

¶7 Yellow Cab did not petition for judicial review of the PSC's denial of its application, but instead filed a second application for a PCN certificate as a Class B carrier pursuant to §§ 69-12-321 et seq., MCA. Other carriers protested the application, and the PSC conducted a public hearing on May 2, 2012, during which Yellow Cab offered witness testimony in support of its application. Five businesses engaged in passenger charter service appeared to oppose the application. On June 27, 2012, in a 3-2 vote, the PSC issued a Final Order denying the application, reasoning that Yellow Cab had failed to meet its burden of establishing public need for an additional statewide charter service carrier and that existing carriers were unable or unwilling to meet that need. Commissioner Travis Kavulla authored a concurring opinion, stating that public convenience and necessity regulation "has the practical effect of conferring a veto power

3

to the very persons who would face competition," and suggesting the law was unconstitutional as unrelated to a legitimate government interest. Yellow Cab filed a Petition for Judicial Review in the Thirteenth Judicial Court, challenging the PSC's denial and the constitutionality of the grandfather provisions of SB 140. The District Court affirmed the ruling of the PSC. Yellow Cab appeals.

## STANDARD OF REVIEW

¶8 This Court exercises plenary review over questions of constitutional law. *City of Billings v. Albert*, 2009 MT 63, ¶ 11, 349 Mont. 400, 203 P.3d 828. Statutes are presumed to be constitutional, and any person challenging the constitutionality of a statute bears the burden of proving it unconstitutional. *Albert*, ¶ 11. When reviewing a district court's decision regarding the review of an agency action, the Montana Administrative Procedure Act governs this Court's review, and the scope of review is limited. *Citizens Awareness Network v. Mont. Bd. of Envtl. Rev.*, 2010 MT 10, ¶ 13, 355 Mont. 60, 227 P.3d 583. The same standards used by the district court are applied when reviewing a district court order affirming or reversing an agency decision. *Ostergren v. Dep't of Revenue*, 2004 MT 30, ¶ 11, 319 Mont. 405, 85 P.3d 738.

¶9 In contested cases, district courts review administrative decisions to determine whether the findings of fact are clearly erroneous and whether the agency determined the law correctly, and a district court's decision is reviewed the same way. *Ray v. Mont. Tech of the Univ. of Mont.*, 2007 MT 21, ¶ 24, 335 Mont. 367, 152 P.3d 122; *Cenex Pipeline LLC v. Fly Creek Angus, Inc.*, 1998 MT 334, ¶ 22, 292 Mont. 300, 971 P.2d 781.

4

If a finding is not supported by substantial evidence, the court misapprehended the effect of evidence, or if this Court's review of the record convinces us a mistake has been made, a finding is deemed clearly erroneous. *Montanans v. State*, 2006 MT 277, ¶ 19, 334 Mont. 237, 146 P.3d 759. This Court reviews the record to determine if an agency has acted arbitrarily, capriciously, or unlawfully. *N. Fork Pres. Ass'n v. Dep't. of State Lands*, 238 Mont. 451, 458-59, 778 P.2d 862, 867 (1989).

¶10 Under § 2-4-612(2), MCA, agencies are bound by common law and statutory rules of evidence. This Court reviews evidentiary rulings for abuse of discretion. *Glacier Tennis Club at the Summit, LLC v. Treweek Constr. Co.*, 2004 MT 70, ¶ 47, 320 Mont. 351, 87 P.3d 431. An abuse of discretion occurs when a decision is made arbitrarily and without employment of conscientious judgment so that it exceeds the bounds of reason resulting in substantial injustice. *State v. Riggs*, 2005 MT 124, ¶ 18, 327 Mont. 196, 113 P.3d 281.

### DISCUSSION

¶11 *1. Did the District Court err by concluding that the PSC's denial of a PCN certificate did not constitute an unconstitutional taking of Yellow Cab's property or violate equal protection?*

¶12 Yellow Cab makes several arguments that challenge the PSC's denial of a PCN certificate on constitutional grounds, as it did in the lower court. Yellow Cab argues the PSC's application of § 69-12-328, MCA, the grandfather statute, violated due process protections by imposing a retroactive requirement that Yellow Cab could not satisfy and thus deprived it of the ability to continue providing its charter service. Yellow Cab also

5

argues that the grandfather statute violated equal protection by distinguishing between those businesses in possession of a DOT number and those without.

¶13 Noting that these arguments were related to the PSC's initial denial of a PCN certificate, the District Court concluded that they were procedurally barred. Yellow Cab did not seek judicial review of the PSC's initial denial, appealing only after the PSC had conducted the PCN proceeding and denied Yellow Cab's second application. Because Yellow Cab had failed to file a petition for review within 30 days following the initial denial under the grandfather statute, the District Court concluded the claims were untimely. Conceding that the timelines for appeal from an agency decision were not jurisdictional in nature, citing *BNSF Ry. Co. v. Cringle*, 2012 MT 143, 365 Mont. 304, 281 P.3d 203, the District Court nonetheless determined that Yellow Cab had not demonstrated a "legally sufficient reason" for disregarding these "firm deadlines." *Cringle*, ¶ 21. Noting that Yellow Cab had raised a regulatory takings claim and "an interesting substantive due process claim" regarding SB 140, the court offered that "a separate action could resolve Yellow Cab's remaining claims."

¶14 The District Court properly resolved the claims in this proceeding. Section 2-4-702(1)(a), MCA, provides that a dissatisfied party may request judicial review of an agency's final decision after exhausting all administrative remedies if the request is made within thirty days of the decision. Section 2-4-702(2)(a), MCA. Yellow Cab did not petition for judicial review of the PSC's initial denial under the grandfather statute, instead raising those issues after the PSC's second denial under §§ 69-12-321 et

seq., MCA. We agree with the District Court that Yellow Cab's claims are not properly subject to review in this proceeding.

¶15    Yellow Cab also asserts that the ultimate denial of a PCN certificate, following the second application, also resulted in a taking. The District Court reasoned that the PSC's denial did not result in a taking because, without a PCN certificate, Yellow Cab never had a compensable property interest to be taken. On appeal, Yellow Cab reframes its position and states it is not claiming a property interest in the PCN certificate, but in the revenue generated from its charter service prior to the enactment of the grandfather statute. However, this argument is again primarily related to the original denial of its application. SB 140 instituted regulation of charter services. Any compensable interest Yellow Cab may have had in its pre-existing business was impacted by the original denial under the grandfather statute, by which Yellow Cab lost the ability to operate, rather than the second denial at issue here. Section 69-12-328, MCA, the grandfather provision, required the PSC to grant a PCN certificate to applicants who satisfied the statutory requirements. In contrast, §§ 69-12-321 et seq., MCA, provide that the PSC has discretion in determining whether to grant a PCN certificate. Thus, Yellow Cab's claims are improperly raised here.

¶16    *2. Did the District Court err by affirming the denial of Yellow Cab's application for a PCN?*

¶17    A district court reviews an agency decision under the standards set forth in the Montana Administrative Rules of Procedure Act, as follows:

7

(2) The court may not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because:

(a) the administrative findings, inferences, conclusions, or decisions are:

(i) in violation of constitutional or statutory provisions;

(ii) in excess of the statutory authority of the agency;

(iii) made upon unlawful procedure;

(iv) affected by other error of law;

(v) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record;

(vi) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or

(b) findings of fact, upon issues essential to the decision, were not made although requested.

Section 2-4-704, MCA.

¶18    Section 69-12-312(1), MCA, provides that a Class B motor carrier may not transport persons on a public highway without receiving a PCN certificate. Section 69-12-323(2)(a), MCA, authorizes issuance of a PCN certificate if the PSC finds that public convenience and necessity require it. In making that decision, the PSC is to conduct a hearing and give consideration to the transportation services being furnished by other existing businesses. Finally, the PSC must consider the effect the proposed transportation service may have upon other forms of transportation service which

8

have been deemed essential and indispensable to the communities likely to be affected by the new service. Section 69-12-323(2)(a), MCA.

¶19 Because Yellow Cab applied for a PCN certificate authorizing it to provide charter services across the entirety of Montana, it carried the burden of demonstrating there was a statewide need for its services. At the hearing, Yellow Cab owner Robert Young (Young) and four other witnesses offered testimony in support of the application. Young's testimony was concerned less about unmet need than about speculative growth in economic activity resulting from Bakken oil operations. Witness Rodney Gustafson had used Yellow Cab only once and did not testify about other carriers he had used or attempted to use, or why alternative carriers could not meet his needs. David Gonzales testified that his decision to use Yellow Cab's services was based on reasons unrelated to the ability of alternative carriers to meet his transportation needs. Robert Young's son, Dan, testified he had never contacted alternative passenger charter services to see if they could fulfill his needs. Jessica Guillaume had only used Yellow Cab once and had not sought service from other carriers.

¶20 The protestants offered the testimony of Rodney Wilson, owner of three Billings-based transportation companies operating under a current PCN certificate. Wilson testified that his company has a 24-hour dispatcher handling multiple phones and an answering machine to ensure service to those callers unable to reach the dispatcher when lines are busy. Wilson also testified his company would be able to accommodate the trips Yellow Cab indicated it had been providing since 2010.

¶21 In light of the testimony provided by the owner of the business and four prior customers—some of them only one-time customers—Yellow Cab has failed to establish that the PSC erred by concluding there was insufficient evidence to demonstrate a statewide need for its charter services. When Young's testimony is considered alongside Ronald Wilson's attestation that his company could accommodate the needs of Yellow Cab's customers, it is clear the PSC's determination that Yellow Cab had failed to meet the burden needed to secure a PCN certificate was supported by substantial evidence and not erroneous in any way. The District Court properly affirmed the PSC's denial.

¶22 *3. Did the District Court err by affirming the PSC's exclusion of Yellow Cab's Exhibit 2?*

¶23 Under M. R. Evid. 801(c), hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. M. R. Evid. 802 further provides that hearsay is generally not admissible unless covered by a hearsay exception. At the outset of the hearing, Young attempted to demonstrate the need for his charter service by referencing the oil boom in Eastern Montana and its potential effects on transportation and tourism. To support Young's testimony, Yellow Cab sought to introduce Exhibit 2, a loose-leaf binder containing about 200 pages of documents regarding oil field information, newspaper articles, published studies, and tourism data. The protestants objected to the admission of Exhibit 2, arguing the information included inside lacked foundation and should be excluded as hearsay. The PSC took the objection under advisement and ultimately excluded Exhibit 2.

10

¶24 The District Court affirmed the PSC ruling excluding the proffered material based on Yellow Cab's failure to offer specific hearsay exceptions that would permit introduction of all the materials within Exhibit 2. The court stated it was unlikely a single hearsay exception would apply to all the documents contained in Exhibit 2 and it would be impossible to conclude that the decision was incorrect without specific hearsay arguments. Yellow Cab now argues the documents, reports, and compilations referenced in Exhibit 2 were admissible under the M. R. Evid. 803(8) public records hearsay exception, and cites M. R. Evid. 902 for self-authenticating documents as the mechanism by which the appendix may have satisfied evidentiary foundation rules.

¶25 This Court reviews evidentiary rulings for abuse of discretion. The PSC denied admission of the documents after Yellow Cab failed to offer a proper foundation and sufficiently describe the evidentiary rules under which the material was admissible. Appendix 2 was a voluminous exhibit, filled with a wide array of topics from many sources. The PSC did not abuse its discretion in denying its admission.

¶26 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA

11