FILED

05/25/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0359

DA 20-0359

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 131N

ALL STAR PAINTING, INC.,

      Petitioner, Appellee, and Cross-Appellant,

  v.

DANIELLE JONES,

      Respondent, Appellant, and Cross-Appellee.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
                   In and For the County of Yellowstone, Cause No. DV-19-697
                   Honorable Rod Souza, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Ryan Shaffer, Robert L. Stepans, James C. Murnion, Meyer, Shaffer &
          Stepans, PLLP, Missoula, Montana

      For Appellee:

          T. Thomas Singer, Axilon Law Group, PLLC, Billings, Montana

Submitted on Briefs:  February 17, 2021

Decided:  May 25, 2021

Filed:

                      _____
                              Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1      We decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules.  It shall not be cited and does not serve as precedent.  The case title, cause number, and disposition will be included in our quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Danielle Jones (Jones) appeals the April 2020 judgment of the Montana Thirteenth Judicial District Court, Yellowstone County, partially reversing the November 2018 decision of the Montana Human Rights Bureau (HRB) on remand from *Jones v. All Star Painting Inc. (Jones I)*, 2018 MT 70, 391 Mont. 120, 415 P.3d 986.  All Star Painting, Inc. (All Star) cross-appeals the District Court's April 2020 judgment partially affirming the 2018 HRB decision.  We reverse in part, affirm in part, and remand to the District Court for entry of a corresponding judgment.

¶3      In 2014, Jones filed an HRB complaint against her former employer (All Star) alleging that it subjected her to unlawful gender discrimination by way of hostile work environment sexual harassment in violation of § 49-2-303(1)(a), MCA (Montana Human Rights Act).  She alleged that while she was working for All Star as a house painter, All Star principal Norman Hodges (Hodges) subjected her to multiple incidents of unwelcome and harassing sexual comments, behavior, and touching.[1]  Following an HRB investigation, the complaint proceeded to a contested case hearing before an agency hearings examiner.

---

[1] *Jones I*, ¶¶ 4-5.

At hearing, the case boiled-down to a he-said/she-said matter, turning on assessment of the relative weight and credibility of the starkly contrasting accounts of Jones and Hodges.[2] The hearings examiner subsequently issued written findings of fact, conclusions of law, and decision in favor of All Star. Based largely on the testimony of a number of customer-homeowners called by Hodges that they did not observe any of the alleged harassment, and which thus contradicted Jones's assertion that two of them had, the hearings examiner concluded that Jones's "uncorroborated testimony . . . was not sufficient to prove a prima facie case" of unlawful sexual harassment.[3] The Human Rights Commission (HRC) affirmed and Jones petitioned for judicial review.

¶4     On judicial review, the District Court affirmed the final agency decision, dismissed Hodges from the action personally, and denied All Star's motion for attorney fees. On appeal, we reversed, holding that the hearings examiner erroneously failed to consider the non-hearsay corroborative testimony of Jones's witnesses (husband Ryan, father-in-law Jeffrey, and roommate Dustin) as to their personal observations of her contemporary demeanor and reaction to the alleged sexual harassment, *e.g.*, that she "complained constantly," and "was upset" and distraught, "about things at work during the time of the alleged [harassment]."[4] We thus remanded to HRB with direction for the hearings

---

[2] *See Jones I*, ¶¶ 5-12.

[3] *Jones I*, ¶ 12.

[4] *Jones I*, ¶¶ 21-27. Jones also presented the similar testimony of her insurance agent, Stacey Hemming, over All Star's hearsay objections. The hearings examiner did not address Hemming's testimony in her 2016 decision.

examiner to accordingly "consider" the non-hearsay testimony of Ryan, Jeffrey, and Dustin, and to enter appropriate findings of fact as to its effect, if any, on the examiner's ultimate determination of the claim.[5]

¶5      On remand, the hearings examiner found that the previously unconsidered testimony of Ryan, Jeffrey, and Dustin regarding their observations of Jones's contemporary demeanor and reaction to events at work was indeed corroborative of her account of the alleged sexual harassment by Hodges. Based on that corroboration, and the relative lack of evidence corroborating Hodges's account, the hearings examiner found Jones's account more credible, and that she had thus proven that Hodges had subjected her to unlawful sexual harassment as alleged. Based on additional findings and conclusions regarding causation and damages, the hearings examiner awarded Jones $25,894.76 in compensatory damages—$500 for lost wages, $394.76 in prejudgment interest, and $25,000 for non-economic emotional distress. The HRC affirmed and All Star petitioned for judicial review.

¶6      On judicial review, the District Court affirmed the compensatory damages awards as supported by substantial evidence and not unreasonably speculative or disproportional under the circumstances. However, as to the predicate finding of unlawful sexual harassment, the court concluded that the hearings examiner erroneously admitted and considered hearsay testimony from Ryan, Jeffrey, and Dustin (regarding Jones's statements

---

[5] *Jones I*, ¶ 27.

to them regarding various details of the alleged harassment) for the truth of the matters asserted pursuant to M. R. Evid. 801(d)(2) (statements of a party-opponent) and 803(1) (present sense impressions), and/or 803(3) (statements of then-existing mental, emotional, or physical condition).[6] The District Court accordingly reversed the predicate sexual harassment determination and remanded to HRB for a new hearing without consideration of the inadmissible hearsay testimony of Ryan, Jeffrey, or Dustin as to statements made by Jones regarding the specifics of the alleged harassment. Jones timely appeals the reversal of the sexual harassment determination, and All Star cross-appeals the evidentiary sufficiency of the compensatory damages awards.[7]

¶7 Title 2, chapter 4, part 7, MCA (Montana Administrative Procedure Act) governs judicial review of contested case final agency decisions. Section 2-4-702(1), MCA; *Flathead Lakers Inc. v. Mont. Dep't of Nat. Res. & Conservation*, 2020 MT 132, ¶ 7, 400 Mont. 170, 464 P.3d 396; *Blaine Cty. v. Stricker*, 2017 MT 80, ¶ 16, 387 Mont. 202, 394 P.3d 159. The standard of judicial review of a final agency decision is whether the decision prejudiced the "substantial rights" of the party seeking review based on a clearly erroneous

---

[6] The District Court also noted that M. R. Evid. 803(3) (then-existing mental, emotional, or physical condition) was similarly of no avail for admission of the disputed testimony, but it is not clear from the record that the hearings examiner in fact relied on Rule 803(3) for her ruling.

[7] Despite conceding that it failed to earlier preserve the issue by objection in the administrative proceeding, All Star challenged the prejudgment interest award ($394.76) on judicial review. The District Court ruled that All Star waived the issue pursuant to *Ostergren v. Dep't of Revenue*, 2004 MT 30, ¶ 15, 319 Mont. 405, 85 P.3d 738 and *In re Sorini*, 220 Mont. 459, 462, 717 P.2d 7, 9 (1986). *See also* § 2-4-702(1)(b), MCA ("party may not raise any . . . question not raised before the agency" absent "good cause"). The prejudgment interest award is not at issue on appeal.

finding of fact, erroneous conclusion or application of law, or an abuse of discretion. *See* § 2-4-704(2), MCA; *North Fork Preservation Ass'n v. Dep't of State Lands*, 238 Mont. 451, 458-59, 778 P.2d 862, 867 (1989). An agency abuses its discretion if it exercises discretion based on a clearly erroneous finding of material fact,[8] without consideration of all pertinent law or material facts, based on a clearly erroneous conclusion or application of law, or without conscientious judgment or in excess of the bounds of reason, resulting in substantial injustice. *See* § 2-4-704(2), MCA; *Mont. Fish, Wildlife & Parks v. Trap Free Mont. Pub. Lands*, 2018 MT 120, ¶ 11, 391 Mont. 328, 417 P.3d 1100; *See Clark Fork Coal. v. Mont. Dep't of Envtl. Quality*, 2008 MT 407, ¶¶ 9-21, 347 Mont. 197, 197 P.3d 482; *North Fork Preservation Ass'n*, 238 Mont. at 465, 778 P.2d at 871. *See also Larson v. State*, 2019 MT 28, ¶ 16, 394 Mont. 167, 434 P.3d 241 (abuse of discretion standard); *Hulit v. St. Vincent's Hosp.*, 164 Mont. 168, 174-75, 520 P.2d 99, 102 (1974) ("an arbitrary and capricious decision" is the opposite of a "conscientious" decision within the bounds of reason). However, an agency decision is not arbitrary or capricious "merely because the record contains inconsistent evidence or evidence which might support a different result." *Mont. Wildlife Fed'n v. Mont. Bd. of Oil & Gas Conservation*, 2012 MT 128, ¶ 25, 365 Mont. 232, 280 P.3d 877 (quotation citation omitted). A decision is arbitrary and

---

[8] Agency findings of fact are clearly erroneous only if not supported by substantial record evidence or our review of the record manifests that the agency clearly misapprehended the effect of the evidence or was otherwise mistaken. *See* § 2-4-704(2)(a)(v), MCA; *Larson v. State*, 2019 MT 28, ¶ 16, 394 Mont. 167, 434 P.3d 241; *Interstate Prod. Credit Ass'n of Great Falls v. DeSaye*, 250 Mont. 320, 323, 820 P.2d 1285, 1287 (1991).

capricious only if apparently "random, unreasonable[,] or seemingly unmotivated based on the existing record." *Mont. Wildlife Fed'n*, ¶ 25 (quotation citation omitted).

¶8    Here, Jones asserts that the hearings examiner did not erroneously consider inadmissible hearsay testimony from Ryan, Jeffrey, and Dustin in determining that her contemporaneous behavior corroborated her account of the alleged sexual harassment, and that it was thus more credible than Hodges's account. The rules of evidence applicable in judicial proceedings are similarly applicable in contested case administrative proceedings. Sections 2-4-612(2) and 49-2-204(2), MCA; *Billings Yellow Cab, LLC v. State*, 2014 MT 275, ¶¶ 10 and 25, 376 Mont. 463, 335 P.3d 1223. Except for related interpretations or applications of law reviewed de novo for correctness, we generally review evidentiary rulings for an abuse of discretion. *Bessette v. Bessette*, 2019 MT 35, ¶ 13, 394 Mont. 262, 434 P.3d 894; *State v. Derbyshire*, 2009 MT 27, ¶ 19, 349 Mont. 114, 201 P.3d 811; *Accord Steer, Inc. v. Dep't of Revenue*, 245 Mont. 470, 474-75, 803 P.2d 601, 603-04 (1990).

¶9    Hearsay is evidence of a declarant's prior out-of-court statement, subsequently offered for the truth of the matter asserted. M. R. Evid. 801(c). Hearsay is inadmissible except as otherwise provided by statue, the Rules of Evidence, or other rule of court. M. R. Evid. 802. We agree with All Star and the District Court that none of the disputed testimony of Ryan, Jeffrey, or Dustin (regarding Jones's statements to them regarding the details of the alleged sexual harassment) was admissible under M. R. Evid. 801(d)(2) (statements of a party-opponent), 803(1) (present sense impressions), and/or 803(3) (statements of then-existing mental, emotional, or physical condition). However, we will

affirm a decision of a lower tribunal that ultimately reaches a correct result, even if based on a wrong reason. *Talbot v. WMK-Davis, LLC*, 2016 MT 247, ¶ 6, 385 Mont. 109, 380 P.3d 823; *Wells Fargo Bank v. Talmage*, 2007 MT 45, ¶ 23, 336 Mont. 125, 152 P.3d 1275; *Phillips v. City of Billings*, 233 Mont. 249, 252, 758 P.2d 772, 774 (1988); *Steadman v. Halland*, 197 Mont. 45, 52, 641 P.2d 448, 452 (1982).

¶10     As a definitional matter, and subject to M. R. Evid. 403, evidence of a declarant's prior out-of-court statement subsequently offered for a relevant purpose *other than* for the truth of the matter asserted is not hearsay. *See* M. R. Evid. 801(c); *Murray v. Talmage*, 2006 MT 340, ¶¶ 13-15, 335 Mont. 155, 151 P.3d 49 (citing *Moats Trucking Co. v. Gallatin Dairies, Inc.*, 231 Mont. 474, 478, 753 P.2d 883, 886 (1988)); *Brown v. Homestake Expl. Corp.*, 98 Mont. 305, 340, 39 P.2d 168, 179-80 (1934) (citing J. H. Wigmore, *Wigmore on Evidence* § 1789 (2d ed. 1923)).  Here, the sole purpose of our remand from *Jones I* was for the hearings examiner to consider, as an aid in assessing the relative credibility of the competing he-said/she-said accounts, the non-hearsay personal observations of Ryan, Jeffrey, and Dustin regarding Jones's demeanor and reaction (*e.g.*, that she "complained constantly" and "was upset" and distraught "about things at work during the time of the alleged [harassment]") as potentially corroborative evidence of her sexual harassment allegations. *Jones I*, ¶¶ 21-27.  As indicated in the administrative record, and noted by the District Court, the hearings examiner was manifestly aware of the limited authorized scope and purpose of the proceeding on remand.  In that regard, the record reflects that the hearings examiner was further aware that Ryan, Jeffrey, and Dustin had no personal

8

knowledge of the specifics of the alleged harassment, and that the examiner was only interested in what they personally observed in Jones's contemporary behavior as consistent or inconsistent with the allegations to which she testified at hearing subject to extensive cross-examination. As also noted by the court, Jones expressly asserted, in response to All Star's objection, that she was not offering the disputed testimonies for the truth of the matters asserted in her prior out-of-court statements. The record reflects that the hearings examiner accordingly recognized that those testimonies were relevant only to aid in establishing the "timeline" of those witnesses' observations of Jones's behavior, to determine whether it was corroborative of her allegations, for the purpose of assessing the credibility of her account. Under these circumstances, the disputed testimony of Ryan, Jeffrey, and Dustin was definitional non-hearsay in accordance with our directive on remand from *Jones I*. Regardless of the hearings examiner's incorrect reference to an inapplicable hearsay exclusion or exception, we thus hold that she did not erroneously admit or consider the disputed testimony of Ryan, Jeffrey, or Dustin as directed in *Jones I*.[9]

---

[9] Even if viewed, *arguendo*, as Rule 801(c) hearsay, we note similarly, as noted by the District Court, that the disputed testimony of Ryan and Jeffrey would have nonetheless been admissible as prior consistent statements, as defined and excluded from hearsay under M. R. Evid. 801(d)(1)(B) (prior statements consistent with declarant's trial testimony, made before asserted motive to fabricate arose, offered to rebut express or implied assertion of fabrication, and regarding matter to which declarant was subject to cross-examination at hearing/trial). In the manifest absence of any contrary evidence, Dustin's disputed testimony would have been similarly admissible based on the manifest record implication that Jones similarly made the subject statements to him contemporaneous to the alleged harassment.

¶11 All Star asserts on cross-appeal that the District Court erroneously upheld Jones's compensatory damages awards for lost wages ($500) and non-economic emotional distress ($25,000). Upon a finding of unlawful discrimination, the HRC may, *inter alia*, impose "any reasonable measure . . . to rectify any harm, pecuniary or otherwise" caused by the discrimination. Section 49-2-506(1)(b), MCA; *Vainio v. Brookshire*, 258 Mont. 273, 281, 852 P.2d 596, 601 (1993). A compensatory damages award must be a reasonable approximation, supported by substantial evidence beyond mere guess or speculation, of the damages caused by the subject harm, regardless of lack of certainty or mathematical precision. *Cremer v. Cremer Rodeo Land & Livestock Co.*, 192 Mont. 208, 214, 627 P.2d 1199, 1202 (1981); *Smith v. Zepp*, 173 Mont. 358, 370, 567 P.2d 923, 930 (1977) (citation omitted). Within that framework, we review compensatory damages awards for an abuse of discretion. *Walters v. Luloff*, 2008 MT 17, ¶ 17, 341 Mont. 158, 176 P.3d 1034 (internal citations omitted).

¶12 Here, the hearings examiner made specific findings of fact regarding the bases of her compensatory damages awards for lost wages and non-economic emotional distress suffered by Jones as a result of the subject sexual harassment. Regardless of any conflicting evidence, or lack of certainty or mathematical precision, those findings were supported by substantial record evidence, beyond mere guess or speculation. All Star has not demonstrated that the hearings examiner misapprehended or was otherwise mistaken regarding the evidence, or that the damages awards were unreasonably speculative or disproportionate given the nature of the multiple incidents of sexual harassment at issue.

We hold that the hearings examiner did not erroneously award Jones compensatory damages for lost wages ($500) and non-economic emotional distress ($25,000).

¶13    We decide this case by memorandum opinion pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules.  We hereby affirm the hearings examiner's unlawful sexual harassment and compensatory damages determinations on remand from *Jones I*, and therefore hereby reverse the District Court's reversal of the sexual harassment determination.  Affirmed in part, reversed in part, and remanded to the District Court for entry of judgment affirming the November 2018 HRB decision, as affirmed by the HRC.

/S/ DIRK M. SANDEFUR

We concur:

/S/ JIM RICE
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ BETH BAKER