

FILED
11/16/2021
Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA
Case Number: DA 21-0149

DA 21-0149

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2021 MT 298N

MARK S. IBSEN, M.D.,

Petitioner and Appellant,

v.

MONTANA STATE BOARD OF MEDICAL EXAMINERS,

Respondent and Appellee.

FILED

NOV 16 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

| | |
|---|---|
| APPEAL FROM: | District Court of the First Judicial District, In and For the County of Lewis and Clark, Cause No. DDV-2016-283 Honorable Christopher D. Abbott, Presiding Judge |

COUNSEL OF RECORD:

For Appellant:

John P. Flannery, II, Campbell Flannery, Leesburg, Virginia

Brent Flowers, Beebe & Flowers, Helena, Montana

For Appellee:

Graden Marcelle, Montana Department of Labor & Industry, Helena, Montana

Submitted on Briefs: October 20, 2021

Decided: November 16, 2021

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Dr. Mark Ibsen appeals the Memorandum and Order of the First Judicial District Court, Lewis and Clark County, dismissing with prejudice Ibsen's petition for judicial review of the Montana State Board of Medical Examiners' (the Board) Amended Final Order placing Ibsen's medical license on probationary status for 180 days. The dispositive issue is whether the District Court erred by dismissing Ibsen's petition for judicial review as untimely. We affirm.

¶3 This case stems from a 2013 contested disciplinary action culminating in the Board's 2016 order indefinitely suspending Ibsen's license. In 2018, Ibsen successfully petitioned the District Court for judicial review, citing procedural errors. After the matter was remanded to the Board, it assigned a new hearing examiner to review the case.

¶4 On March 19, 2020, Ibsen moved the District Court for a writ of mandamus, alleging inaction by the hearing examiner and the Board in resolving his case. On March 31, 2020, the hearing examiner concluded his review of the administrative record and issued an order transferring jurisdiction to the Board for further proceedings. The Board issued an Amended Final Order on October 8, 2020, placing Ibsen's license on probationary status

for 180 days. On November 4, 2020, Ibsen filed an emergency motion to stay the Board's Order. The District Court granted the stay on November 5, 2020.

¶5 On December 11, 2020, the Board filed a motion to dismiss Ibsen's mandamus action and to lift the stay, asserting that the Board already had taken the action that Ibsen's mandamus motion sought to compel. The District Court heard oral argument on December 18, 2020. On January 4, 2021, it denied Ibsen's mandamus motion as "inappropriate because it seeks to undo action already taken by the Board." Noting that the denial of a writ of mandamus is appealable to this Court, the District Court left the stay of the Board's Order in place for thirty days "to permit Ibsen to pursue any additional relief that he believes to be appropriate." The District Court entered judgment on January 12, 2021. The Board gave Ibsen notice of entry of judgment on January 14, 2021. Ibsen did not appeal.

¶6 Ibsen filed a petition for judicial review of the Board's Order two weeks later. On March 10, 2021, the District Court dismissed the petition with prejudice. It held that Ibsen's petition was untimely and that neither the mandamus action nor the order to stay tolled the time for its filing. The District Court rejected Ibsen's argument for equitable tolling because Ibsen failed to make a reasonable effort to pursue his legal rights when he chose to forego judicial review in lieu of a mandamus motion. "To permit equitable tolling in this instance," the District Court explained, "would be to extend the doctrine to 'garden variety claim[s] of excusable neglect.'" *See Weidow v. Uninsured Emp'rs' Fund*, 2010 MT 292, ¶ 28, 359 Mont. 77, 246 P.3d 704.

3

¶7 On appeal, Ibsen argues that his petition for review was timely because he filed it within the thirty-day period of the District Court's January stay order, which the court granted to allow Ibsen to "pursue any additional relief that he believe[d] to be appropriate." The Board contends that Ibsen's petition for review was correctly denied because Ibsen failed to satisfy equitable tolling requirements or otherwise explain his "inexplicable" decision to not pursue judicial review within thirty days of the Board's October 2020 decision.

¶8 We review de novo whether the factual circumstances warrant the grant of an equitable exception to a statutory filing deadline. *Brilz v. Metro. Gen. Ins. Co.*, 2012 MT 184, ¶ 13, 366 Mont. 78, 285 P.3d 494 (citing *BNSF Ry. Co. v. Cringle*, 2012 MT 143, ¶ 16, 365 Mont. 304, 281 P.3d 203).

¶9 Under § 2-4-702(1)(a), MCA, a person who is aggrieved by a final written decision in a contested case is entitled to judicial review of the agency's decision. The person must file a petition for review in the district court within thirty days after service of the final written decision of the agency. Section 2-4-702(2)(a), MCA. Failure to file a timely petition warrants dismissal of the petition. *See Shoemaker v. Denke*, 2004 MT 11, ¶ 32, 319 Mont. 238, 84 P.3d 4.

¶10 We have emphasized "'the importance of applying procedural bars regularly and consistently.'" *Cringle*, ¶ 21 (quoting *Weidow*, ¶ 28). Procedural time bars, such as the thirty-day filing deadline in § 2-4-702(1)(a), MCA, nonetheless are subject to constitutional review and equitable principles. *Cringle*, ¶¶ 18, 21. We observed in *Cringle* that, although

4

"equitable principles will in some cases excuse strict compliance with a categorical time bar, 'good cause' for such relief necessarily requires a 'legally sufficient reason.'" *Cringle*, ¶ 21 (quoting *City of Helena v. Roan*, 2010 MT 29, ¶ 13, 355 Mont. 172, 226 P.3d 601).

> A statute of limitations may be tolled when a plaintiff reasonably and in good faith pursues one of several possible legal remedies and meets three criteria: (1) timely notice to the defendant within the applicable statute of limitations in filing the first claim; (2) lack of prejudice to the defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim.

*Lozeau v. GEICO Indem. Co.*, 2009 MT 136, ¶ 14, 350 Mont. 320, 207 P.3d 316.

¶11 The District Court held these principles inapplicable to Ibsen's claims, and we find no fault with its legal analysis. When it denied Ibsen's mandamus petition on January 4, the court rightly observed that "Ibsen's complaint is no longer *whether* the Board acted, but rather *how* the Board acted," which is not a proper subject for mandamus. *See Boehm v. Park Cty.*, 2018 MT 165, ¶ 13, 392 Mont. 72, 421 P.3d 789 ("[M]andamus is not available to cause the respondent to undo action already taken, or to correct or revise such action, however erroneous it may have been.") (quotation omitted); *Beasley v. Flathead Cty. Bd. of Adjustments*, 2009 MT 120, ¶ 18, 350 Mont. 171, 205 P.3d 812 ("A writ of mandate cannot be used to compel a discretionary act.") (citation omitted). The District Court remarked that Ibsen had an obvious adequate and speedy remedy: a petition for judicial review. "That Ibsen has failed to avail himself of that remedy does not mean it was unavailable to him." When it denied mandamus, the court allowed the stay to remain in effect for thirty days to give Ibsen the opportunity for appeal. This did nothing to toll

5

the limitation period for Ibsen's petition. The District Court's stay on the execution of the final order pending the mandamus proceeding did not alter its status as a final order for purposes of seeking judicial review. *See B.Y.O.B., Inc. v. State*, 2021 MT 191, ¶ 19, 405 Mont. 88, 493 P.3d 318 (district court orders staying final agency order terminating alcoholic beverage franchise agreement did not affect its status as a final decision of the agency). Instead, Ibsen could have sought a stay under § 2-4-703(3), MCA, upon the filing of his judicial review petition.

¶12 Consistent and regular application of a statutory time bar is particularly warranted when—like the Montana Administrative Procedure Act's (MAPA)—it is not qualified by a good cause or excusable neglect standard. In such cases, the party must demonstrate a "reasonable effort to pursue one's legal rights." *Cringle*, ¶ 21. *See also Billings Yellow Cab, LLC v. State of Montana*, 2014 MT 275, ¶¶ 13-14, 376 Mont. 463, 335 P.3d 1223 (citing *Cringle* and applying MAPA's thirty-day limitations period because petitioner did not demonstrate a "legally sufficient reason" for filing a second administrative application instead of seeking judicial review of the first denial). As the District Court reasoned, mandamus plainly was not one of several "possible remed[ies]" for Ibsen's challenge to the Board's decision. There is but a single avenue to challenge the final decision of an administrative agency: a petition for judicial review. Section 2-4-702(1), MCA. The District Court described Ibsen's failure to file such a petition as "inexplicable." Ibsen's choice is similar to the petitioner's in *Billings Yellow Cab* and in contrast to the circumstances under which we have permitted equitable tolling of a categorical time bar.

6

*See, e.g., Lozeau*, ¶¶ 17-18 (applying equitable tolling for action reasonably filed in tribal court against tribal member); *Weidow*, ¶ 30 (applying equitable tolling for a nine-day filing delay after concluding that the controlling statute was ambiguous as to what constituted the final "determination by the department"); *Schoof v. Nesbit*, 2014 MT 6, ¶ 38, 373 Mont. 226, 316 P.3d 831 (applying equitable tolling where facts giving rise to open meeting violation were allegedly concealed, "coupled with the overriding constitutional importance of transparency in local government").

¶13    Contrary to Ibsen's argument, there was nothing in the District Court's mandamus order or in its continuation of the stay that led him to sleep on his rights for seeking judicial review. MAPA's statutory time bar should not lightly be ignored, and Ibsen cannot establish that his mandamus motion was one of several possible legal remedies or that he had a legally sufficient reason for failing timely to pursue judicial review.

¶14    Ibsen also asserts that the Board's failure to issue its Order within 90 days of the second hearing examiner's decision, as required by § 2-4-623, MCA, rendered the Order "void and unenforceable." Ibsen cites no authority or substantive analysis in support of this assertion. This Court has repeatedly held that it is not our function "to conduct legal research on a party's behalf or to develop a legal analysis to support the party's position." *Cmty. Ass'n for N. Shore Conserv., Inc. v. Flathead Cty.*, 2019 MT 147, ¶ 24, 396 Mont. 194, 445 P.3d 1195 (citing *Johansen v. Dep't of Nat. Res. & Conserv.*, 1998 MT 51, ¶ 24, 288 Mont. 39, 955 P.2d 653). We decline to consider this argument. Ibsen raises several additional contentions, and we have considered them. Having

7

reviewed the District Court's reasoned Order and the parties' arguments on appeal, we find no error in the court's rulings.

¶15    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. The District Court did not err when it dismissed with prejudice Ibsen's petition for judicial review as untimely. We affirm the court's March 10, 2021 Memorandum and Order on Motions.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

8

Justice James Jeremiah Shea, dissenting.

¶16 I dissent from the Court's Opinion. On the facts of this case, I would hold that the District Court erred in declining to apply equitable tolling to allow consideration of Ibsen's petition for judicial review.

¶17 In limited circumstances, equitable tolling allows an action to continue despite noncompliance with statutory filing deadlines. *Schoof*, ¶ 33. This Court has previously held that the statute of limitations may be tolled when a plaintiff reasonably and in good faith pursues one of several possible legal remedies and the plaintiff: (1) provides timely notice to the defendant within the applicable statute of limitations in filing the first claim; (2) shows there was no prejudice to the defendant in gathering evidence to defend against the second claim; and (3) demonstrates good faith and reasonable conduct in filing the second claim. *Lozeau*, ¶ 14. We have also held that while this three-part test is appropriate "in cases involving alternate legal remedies, the rationale behind the doctrine of equitable tolling serves broader purposes than merely those embodied by this test. The policy behind the doctrine of equitable tolling is . . . to avoid forfeitures and allow good faith litigants their day in court." *Schoof*, ¶ 34 (internal quotations omitted). Put simply, a plaintiff should not be deprived of his or her claims "when such an approach would serve no policy purpose." *Weidow*, ¶ 28.

¶18 Applying the equitable tolling criteria and the broader rationale for the equitable tolling doctrine to the facts of this case leads me to conclude that the 30-day time limit should be equitably tolled. First, there is no question that the Board was notified timely within the statute of limitations that Ibsen was challenging its Order because, within that

9

time frame, Ibsen sought and obtained an order from the District Court staying enforcement of the Board's Order. Second, the Board does not contend that its ability to gather evidence in defense of its Order was prejudiced, nor does such a contention find support in the record. Third, Ibsen reasonably and in good faith filed his petition for judicial review upon being advised that the District Court was lifting the stay.

¶19 The District Court declined to apply equitable tolling to permit Ibsen's untimely petition for judicial review because it determined, as a threshold matter, that Ibsen's decision to pursue the writ of mandamus was unreasonable as it was "foreclosed by black-letter law." That may have been true in the final analysis, but it does not alter the fact that while pursuing his ultimately unsuccessful petition for mandamus, the Board's Order was stayed and the stay remained in effect until resolution of Ibsen's mandamus petition, at which point Ibsen promptly petitioned for judicial review of the Board's Order. As the District Court correctly noted, its order staying enforcement "prevented the Board's Amended Final Order from taking effect." Ibsen petitioned for judicial review within 30 days of the Order "taking effect." The circumstances of this case do not present a "garden variety claim of excusable neglect," nor is any policy purpose served by denying Ibsen judicial review of the Board's Order. *Weidow*, ¶ 28.

¶20 Considering, as the District Court described, the "long and nettlesome procedural history" surrounding this case, I would apply equitable tolling to Ibsen's petition for judicial review and give Ibsen his day in court.

_____
Justice

Justice Ingrid Gustafson joins in the Dissent of Justice Shea.

/s/ Ingrid Gustafson
Justice